# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TERRANCE PRUDE,**

      **Plaintiff,**

v.                                          Case No. 25-CV-1083

**PAULA STOUDT and
  A. TITLBACH,**

      **Defendants.**

---

### ORDER

---

Plaintiff Terrance Prude, who is currently incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee (ECF No. 5) and a motion to use funds from his release account to pay the full filing fee (ECF No. 4). This order screens the complaint and resolves these motions.

The court has jurisdiction to screen the complaint in light of Prude's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND MOTION TO USE RELEASE ACCOUNT TO PAY THE FULL FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Prude was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

Prude first filed a motion requesting to be able to use his release account to pay the full filing fee. (ECF No. 4.) The PLRA requires collection of filing fees from a "prisoner's account." 28 U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and his general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Although the Court can order disbursements from the release account for payment of the initial partial filing fee when a prisoner is proceeding *in forma pauperis*, the PLRA does not require the Court to invade that account so that a prisoner may pay the full filing fee. *See* 28 U.S.C. § 1915(b).

Nothing in the language of 28 U.S.C. § 1915(b)(2) "can be interpreted as congressional intent that prisoners may deplete savings or release account balances in order to pay off their filing fee debts." *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). Prude states he wants to be able to pay the full filing fee because he has funds in his release account and should not be forced to "apply as indigent". (ECF No. 4 at 5.) However, given the purpose of the release account—to ensure a prisoner has adequate funds to help him transition back into society after release—federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the PRLA's filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Simply because the money is there is not reason enough to allow Prude to use his release account to pay the full filing fee. His motion is denied.

Prude filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 5.) On August 12, 2025, the court ordered Prude to pay an initial partial filing fee of $32.86 by August 18, 2025. (ECF No. 7.) Prude paid the fee on September 2, 2025. The court will grant Prude's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental

3

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

4

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Prude's Allegations and Analysis*

On February 19, 2025, the District Court for the Western District of Wisconsin denied Prude's motion to proceed *in forma pauperis* on appeal. (ECF No. 1-1 at 47.) That same day, the Seventh Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 24(a), ordered Prude to pay the full $605.00 appellate filing fee if he wished to proceed with his appeal. (*Id.*) The Seventh Circuit also noted that Prude could file a motion with the Seventh Circuit to proceed *in forma pauperis*. (*Id.*) It is unclear from Prude's complaint whether he took that step; however, he requested an order from the Western District directing the institution at which he is incarcerated to pay the full appellate filing fee from his release account. (*Id.* at 21.) The Western District denied that order. (*Id.*) Prude then asked the Western District's permission to ask his institution's business office to withdraw the funds from his release account to pay the full appellate filing fee. (*Id.* at 71.) In a text only order, the court denied the motion, noting that he does not need the court's permission to make such a request. (*Id.*)

Prude then made the request. (ECF No. 1, ¶ 9.) The defendants in this case, Warden Paula Stoudt and Business Office Manager A. Titlbach, denied his request to allow him to use his release account to pay the full appellate filing fee pursuant to DOC Policy § 309.45.02. (*Id.*) As a result, Prude could not pay the full appellate filing fee and his appeal was dismissed. (*Id.*, ¶ 12.)

5

Prude claims the defendants violated his constitutional rights by denying him access to the courts by not allowing him to use funds in his release account to pay the full appellate filing fee. As the court explained above, using release account funds to pay anything other than an initial partial filing fee is disfavored. And courts are by no means required to allow a plaintiff to use their release account to pay the full filing fee. If the courts are not required, it follows that "[f]ederal courts have no authority to order state officials to allow a prisoner to withdraw funds from a release account for any other purpose." *LaBrec v. Sensibaugh*, 2024 WL 81292 at *1 (W.D. Jan. 8, 2024). Prude, then, fails to state an access to courts claim because he has no right to use his release account however he desires.

Because there is no constitutional violation, Prude also cannot proceed on his related claims regarding Stoudt's handling of his inmate grievance regarding the denial of funds and the vagueness of the release account policy. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Additionally, the court need not address his motion for a temporary restraining order or preliminary injunction that he included within his complaint. Prude's case is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Prude's motion to use his release account to pay the full filing fee (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Prude's motion for leave to proceed without prepayment of the filing fee (ECF No. 5) is **GRANTED**.

6

**IT IS FURTHER ORDERED** that the agency having custody of Prude shall collect from his institution trust account the $317.14 balance of the filing fee by collecting monthly payments from Prude's prison trust account in an amount equal to 20% of the preceding month's income credited to Prude's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Prude is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Prude is confined

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed.

R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 10th day of December, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge